-1-

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: Christopher L. Gehman,** | : | **Chapter 13** |
| | : | |
| | : | |
| **Debtor.** | : | **Bky. No. 20-12199 (PMM)** |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #48 "the Application") filed by Mitchell A. Sommers ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$4,993.00** for legal services provided for the period from February 17, 2020 to August 11, 2020:

**AND** the Application seeking reimbursement of expenses in the amount of $314.55,

**AND** this bankruptcy case having been dismissed on May 6, 2021,[1]

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest,"  In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

---

[1] The Application was filed prior to the dismissal.

-2-

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

---

[1]  Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2]  After reviewing the time records and case docket, I am left unpersuaded that such extensive services were required to represent the interests of the Debtor.

The Application states a three (3) hour charge on May 28, 2020 for counsel appearing "at [sic] hearing." The entry is nondescript and the hearing – whatever the subject - did not take three (3) hours. The Application also states two (2) entries for attendance at §341 meetings: one on July 7, 2020 for one and a half (1.5) hours and one on August 4, 2020 for two (2) hours. However, the docket does not reflect a §341 hearing having been held on July 7, 2020. On July 9, 2020, a notation was made that the §341 hearing was continued to August 4, 2020 (though there is no entry on that date). In any event, Application's entries regarding a §341 meeting are inaccurate.

I have therefore disallowed 20% of the requested amount. Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved. See Green Valley Beer, 281 B.R. at 259; In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991). See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

-3-

2. Compensation is allowed in favor of the Applicant in the amount of **$3,994.40**. Counsel was paid $2,810.00 of this amount prior to the bankruptcy filing. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

3. The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation (3,994.40) less the $2,810.00 which was paid by the Debtor prepetition (for a remaining amount due of $1,184.40), as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4. The Chapter 13 Trustee may also distribute to the Applicant reimbursement of expenses in the amount of $314.55.

5. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

*/Patricia M. Mayer/*

**Date: May 6, 2021**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**